**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISRAEL AGUILAR and ROLANDO TAYUN CHAN, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KIMO MANAGEMENT GROUP CORP. d/b/a SUYO GASTROFUSION and NILSON DIAZ, in his individual and professional capacities, <br><br> Defendants. | Civil Case No.: 1:21-cv-07537 <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Israel Aguilar ("Aguilar") and Rolando Tayun Chan ("Chan") (together, "Plaintiffs"), by and through their attorneys, Faruqi & Faruqi, LLP, and on behalf of themselves and others similarly situated, hereby allege as follows against Defendants Kimo Management Group Corp. d/b/a Suyo Gastrofusion ("Suyo" or the "Restaurant") and Nilson Diaz ("Diaz") (together, "Defendants"):

**NATURE OF THE CLAIMS**

1.      Defendants own and operate a Latin-Asian fusion restaurant and lounge in the Bronx, New York, doing business under the name, "Suyo Gastrofusion."

2.      Defendants engage in a common, willful, and deliberate policy and practice of failing to compensate Plaintiffs and other similarly situated Restaurant Employees (defined *infra* at ¶ 33) at their agreed upon wage rates, and similarly fail to pay them at rates at or above the State minimum wage.

3.      Defendants also engage in a common, willful, and deliberate policy and practice of denying Restaurant Employees overtime wages.

4.      Specifically, at the end of each pay period, Defendants give Restaurant Employees pay slips that drastically reduced their hours worked.

5.      What is more, the pay slips show that Defendants fail to pay Restaurant Employees at their agreed upon rates even for the limited hours reflected thereon.

6.      As a result, Restaurant employees receive zero compensation for a portion of the time they work for Defendants, despite working an average of 40 to 75 hours per week.

7.      Further, Defendants' practice of reducing Restaurant Employees' hours worked results in Restaurant Employees being paid far less than their agreed upon wages, at rates below the applicable State minimum wage, and being paid no overtime whatsoever.

8.      Additionally, Defendants deny Restaurant Employees spread of hours pay for shifts of 10 hours or more.

9.      Defendants have also consistently failed to furnish Restaurant Employees with Notices of Pay Rate and accurate wage statements, as required by law.

10.      When Chan complained about Defendants' unlawful wage practices, Defendants retaliated against him by reducing his scheduled hours.

11.      Plaintiffs' claims against Defendants to redress these wrongs are brought, in part, under the Fair Labor Standards Act ("FLSA") as a collective action, pursuant to 29 U.S.C. § 216(b), and applicable regulations thereunder, on behalf of themselves and all other similarly situated Restaurant Employees  employed by Defendants at any time during the full statute of limitations period.

12.      Plaintiffs' claims are also brought, in part, under the New York Labor Law ("NYLL"), and applicable regulations thereunder, and as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other similarly situated Restaurant

Employees employed by Defendants at any time during the full statute of limitations period.

13.     Chan also brings retaliation claims individually under the FLSA and NYLL.

## JURISDICTION AND VENUE

14.     Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.

15.     The Court also has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367.

16.     Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

**A.     Plaintiff Israel Aguilar**

17.     Aguilar is a resident of New York City and was employed by Defendants from in or around February 2020 through in or around December 2020, and again from on or around February 21, 2021 through in or around late March 2021.

18.     At all relevant times, Aguilar was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**B.     Plaintiff Rolando Tayun Chan**

19.     Chan is a resident of New York City and was employed by Defendants from in or around March 2020 through in or around December 2020, and again from in or around February 2021 through on or around July 21, 2021.

20.     At all relevant times, Chan was an "employee" of Defendants within the meaning

of all applicable statutes and regulations.

**C.     Defendant Kimo Management Group Corp. d/b/a Suyo Gastrofusion**

21.     Suyo is a domestic corporation with its principal place of business located at 1401 Plaza Drive, Bronx, New York 10452.

22.     At all relevant times, Suyo controlled and directed the terms of employment and compensation of Plaintiffs and all others similarly situated.

23.     At all relevant times, Suyo established, implemented, disseminated, and controlled the employment policies applicable to Plaintiffs and all others similarly situated, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiffs and all others similarly situated.

24.     At all relevant times, Suyo maintained and exercised its power to hire, fire, discipline, and promote Plaintiffs and all others similarly situated.

25.     At all relevant times, Suyo was an "employer" of Plaintiffs and all others similarly situated within the meaning of all applicable statutes and regulations.

**D.     Defendant Nilson Diaz**

26.     Diaz is the manager of Suyo and a resident of the State of New York.

27.     At all relevant times, Diaz controlled and directed the terms of employment and compensation of Plaintiffs and all others similarly situated.

28.     At all relevant times, Diaz maintained and exercised his power to hire, fire, discipline, and promote Plaintiffs and all others similarly situated.

29.     At all relevant times, Diaz maintained control, oversight, and direction of Plaintiffs and all others similarly situated, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to

Plaintiffs and all others similarly situated.

30.     At all relevant times, Diaz was an "employer" of Plaintiffs and all others similarly situated within the meaning of all applicable statutes and regulations.

## FACTS

**A.     Background**

31.     Defendants own and operate a Latin-Asian fusion restaurant and lounge in the Bronx, New York, doing business under the name, "Suyo Gastrofusion."

32.     Defendants employ a staff of approximately 10 to 15 employees at any given time.

33.     Employees of the Restaurant hold various titles, including, *inter alia*: (i) Chef; (ii) Dishwasher; (iii) Server; (iv) Busser; and (v) Bartender (collectively, "Restaurant Employees").

**B.     Time Shaving**

34.     Throughout the statutory period, Defendants have utilized a timekeeping system in which Restaurant Employees clock in and out to track the number of hours they work during each one-week pay period.

35.     Each pay period spans from Monday through Sunday.

36.     At the end of each pay period, Defendants give Restaurant Employees pay slips supposedly reflecting the total number of hours each Restaurant Employee worked during the preceding pay period, along with their earned wages for working those hours.

37.     However, the pay slips do not accurately reflect the actual number of hours that Restaurant Employees work.

38.     On the contrary, Defendants engage in a common pattern and practice of deliberately reducing Restaurant Employees' hours worked, such that Restaurant Employees are paid for far fewer hours than they log in Defendants' timekeeping system.

**C.**    **Failure to Pay Minimum, Overtime and Spread of Hours Wages**

39.    Defendants engage in a common pattern and practice of deliberately denying Restaurant Employees minimum and overtime wages owed.

40.    Defendants systematically deny Restaurant Employees wages in several ways.

41.    First, Defendants pay all Restaurant Employees at rates below their agreed upon rates of pay and/or the applicable minimum wage.

42.    This common, unlawful compensation scheme is communicated to Restaurant Employees and carried out by Defendants directly.

43.    Defendants' practice results in Restaurant Employees being paid below their agreed upon rates of pay and/or the applicable minimum wage for anywhere from 40 to 75 hours per week.

44.    Second, Defendants fail to pay Restaurant Employees at a rate of one and one-half times their agreed upon rates of pay or the applicable minimum wage for any of their hours worked in excess of 40 hours in a workweek.

45.    In other words, Defendants completely deny all Restaurant Employees, some who work 70 hours per week, any overtime compensation at all.

46.    Third, Defendants do not provide Restaurant Employees with spread of hours pay when they work more than 10 hours a day—*i.e.*, an additional hour of pay at the applicable State minimum wage rate on each day where the length of interval between the beginning and end of an employee's workday exceeds 10 hours.

**C.**    **Failure to Provide Notices of Pay Rate and Accurate Wage Statements**

47.    The NYLL requires that Defendants provide Restaurant Employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary[,]" which is commonly referred to as a Notice of Pay Rate.  NYLL § 195(1)(a).

48.     Throughout the statutory period, Defendants never provided Restaurant Employees with Notices of Pay Rate.

49.     The NYLL also requires that Defendants furnish Restaurant Employees with accurate wage statements with each payment of wages.

50.     Throughout the statutory period, Defendants never furnished accurate wage statements to any of the Restaurant Employees, but instead gave Restaurant Employees pay slips that never accurately reflected the number of hours that Restaurant Employees actually worked each pay period.

**D.**     <u>**Plaintiff Israel Aguilar**</u>

**i.**     **Background**

51.     Aguilar worked at Suyo as a Chef from in or around February 2020 through in or around mid-December 2020, and then again from on or around February 21, 2021 through in or around late March 2021.

52.     Aguilar's duties as a Chef included, *inter alia*, preparing food, cooking, and cleaning the kitchen.

53.     Aguilar typically worked five to six days from Monday to Saturday, from

approximately 1:00 p.m. until approximately 11:00 p.m. or 12:00 a.m.

54.     Additionally, on Sundays, Aguilar typically worked from approximately 11:00 a.m. until approximately 12:00 a.m.

55.     During this time, Aguilar consistently worked approximately 10 to 11 hours per day (and 13 hours on Sundays), for a total of approximately 53 to 66 hours per week.

**ii.     Wage Violations**

56.     At the outset of Aguilar's employment, Diaz offered, on behalf of Defendants, to pay him at a rate of $19.00 per hour.

57.     Aguilar agreed to be paid at this rate.

58.     After the Restaurant temporarily closed in or around December 2020 due to COVID-19, Defendants re-hired Aguilar on or around February 21, 2021 and reduced his hourly rate to $18.00.

59.     Again, Aguilar agreed to be paid at this rate.

60.     However, Defendants failed to pay Aguilar at either of the above-referenced rates in accordance with the agreed terms of his employment.

61.     Defendants also failed to pay Aguilar for all of his hours worked as a result of Suyo's common time shaving policy and practice.

62.     Attached hereto as Exhibit A is a copy of Aguilar's pay slip for the pay period spanning from March 8, 2021 through March 14, 2021, which illustrates Defendants' failure to pay him at his agreed upon rate and failure to pay him for all hours worked.

63.     Exhibit A reflects that Aguilar ostensibly worked 25 hours during this pay period.

64.     Per Exhibit A, Defendants paid him $437.50 for these 25 hours, which amounts to an hourly rate of $17.50—*i.e.*, 50 cents less than Defendants and Aguilar agreed that he would be

paid per hour.

65.     Moreover, Aguilar worked far more than 25 hours during this pay period.

66.     Indeed, he worked four 10.50-hour shifts and one 13-hour shift for a total of 55 hours during that period—*i.e.*, 30 hours more than is reflected in the pay slip attached hereto as Exhibit A.

67.     When accounting for all of his hours worked, Defendants paid Aguilar at an hourly rate of approximately $7.95 for this pay period, which is considerably lower than his agreed rate of $18.00 per hour and similarly well below the applicable State minimum wage rate of $15.00 per hour.

68.     For this week alone, Defendants failed to pay Aguilar an additional $282.50 in straight-time wages[1] and $405.00 in overtime wages,[2] for a total of $687.50 of unpaid straight and overtime wages.

69.     Additionally, given that Aguilar worked five shifts of 10 hours or more, Defendants also denied him $75.00 in spread of hours pay.[3]

70.     Indeed, despite regularly working approximately 53 to 66 hours per week, Aguilar was never paid any overtime compensation at all.

71.     Similarly, Defendants consistently failed to tender spread of hours pay to Aguilar for shifts of 10 hours or more, which he consistently worked each week.

72.     Defendants never provided Aguilar with a Notice of Pay Rate.

73.     Defendants never provided Aguilar with accurate wage statements.

74.     Throughout the relevant time period, Aguilar had conversations with other

---

[1] 25 hours x 50 cents = $12.50;   15 hours x $18.00 (regular rate) = $270.00;   $270.00 + $12.50 = $282.50.
[2] $18.00 x 1.5 = $27.00 (overtime rate);   15 hours x $27.00 = $405.00.
[3] 5 hours x $15.00 (minimum wage) = $75.00.

Restaurant Employees who confirmed that they were paid below their agreed upon hourly rates and denied compensation for all hours worked.

75.    Like Aguilar, these employees were issued inaccurate pay slips that significantly reduced their hours worked.

76.    These employees also confirmed that Defendants failed to provide them with Notices of Pay Rate and accurate wage statements.

**E.    Plaintiff Rolando Tayun Chan**

**i.    Background**

77.    Chan worked at Suyo as a Dishwasher and Busser from in or around March 2020 through in or around December 2020, and then again from in or around February 2021 through on or around July 21, 2021.

78.    Chan's duties as a Dishwasher and Busser included, *inter alia*, washing dishes, cleaning the Restaurant's dining area, kitchen, and bathroom, purchasing supplies for the Restaurant, restocking the Restaurant with supplies, and assisting the Chefs in meal preparation.

79.    Up until his protected complaint about Defendants' wage violations (*see infra* ¶¶ 107-11), Chan typically worked six days per week, for anywhere from 10 to 15 hours per day.

80.    During this time, Chan consistently worked approximately 60 to 75 hours per week.

81.    From on around June 13, 2021—shortly after he lodged a protected complaint (*see infra* ¶¶ 107-11)—through on or around July 21, 2021, Chan typically worked approximately five days per week, for anywhere from 8 to 13 hours per day.

82.    During this time, Chan worked approximately 40 to 60 hours per week.

**ii.    Wage Violations**

83.    Per Chan's pay slips, Defendants agreed to pay him at a rate of $20.00 per hour.

*See* Exhibit B at 2-4.

84.     However, Defendants failed to pay Chan at the above-referenced rate in accordance with the agreed terms of his employment.

85.     Defendants also failed to pay Chan for all of his hours worked as a result of Suyo's common time shaving policy and practice.

86.     Attached hereto as Exhibit C is a copy of Chan's pay slip for the pay period spanning from May 17, 2021 through May 23, 2021, which illustrates Defendants' failure to pay him at his agreed upon rate and failure to pay him for all hours worked.

87.     Exhibit C reflects that Chan ostensibly worked 47 hours during this pay period.

88.     Per Exhibit C, Defendants paid Chan $757.50 for these 47 hours, which amounts to an hourly rate of approximately $16.11 (all paid as straight time)—*i.e.*, approximately $3.89 less than Defendants and Chan agreed that he would be paid per hour.

89.     Moreover, Chan worked far more than 47 hours during this pay period.

90.     As reflected in Exhibit D, which contains photographs Chan took of Defendants' timekeeping machine at the times he clocked in and out on each day during this pay period, Chan actually worked a total 67.45 hours.

91.     Indeed, on May 17, 2021 Chan clocked in at 2:03 p.m. and clocked out at 12:51 a.m. for a total of 10 hours and 48 minutes.  *See* Exhibit D at 1-2.

92.     On May 19, 2021 Chan clocked in at 2:18 p.m. and clocked out at 1:09 a.m. for a total of 10 hours and 51 minutes.  *Id*. at 3-4.

93.     On May 20, 2021 Chan clocked in at 1:54 p.m. and clocked out at 12:11 a.m. for a total of 10 hours and 17 minutes.  *Id*. at 5-6.

94.     On May 21, 2021 Chan clocked in at 2:15 p.m. and clocked out at 1:26 a.m. for a

total of 11 hours and 11 minutes.  *Id.* at 7-8.

95.    On May 22, 2021 Chan clocked in at 2:06 p.m. and clocked out at approximately 12:10 a.m. for a total of 10 hours and 4 minutes.  *Id.* at 9.[4]

96.    On May 23, 2021 Chan clocked in at 11:04 a.m. and clocked out at 1:20 a.m. for a total of 14 hours and 16 minutes.  *Id.* at pp. 10-11.

97.    When accounting for all of his hours worked, Defendants paid Chan at an hourly rate of approximately $11.23[5] for this pay period, which is considerably lower than his agreed rate of $20.00 per hour and similarly well below the applicable State minimum wage rate of $15.00 per hour.

98.    For this week alone, Defendants failed to pay Chan an additional $42.50 in straight-time wages[6] and $823.50 in overtime wages,[7] for a total of $866.00 of unpaid straight and overtime wages.

99.    Given that Chan worked six shifts of 10 hours or more, Defendants also denied him $90.00 in spread of hours pay.[8]

100.    Indeed, despite regularly working approximately 60 to 75 hours per week, Chan was never paid any overtime compensation at all.

101.    Similarly, Defendants consistently failed to tender spread of hours pay to Chan for shifts of 10 hours or more, which he consistently worked each week.

102.    Defendants never provided Chan with a Notice of Pay Rate.

103.    Defendants never provided Chan with accurate wage statements.

---

[4] Unfortunately, Chan was unable to capture a photograph of the time he clocked out after his shift on May 22, 2021; however, he clocked out at approximately 12:10 a.m.
[5] $757.50 / 67.45 hours = $11.23.
[6] 40 hours x $20.00 (regular rate) = $800.00; $800.00 - $757.50 = $42.50.
[7] 27.45 hours x $30.00 (overtime rate) = $823.50.
[8] 6 hours x $15.00 (minimum wage) = $90.00.

104.    Throughout the relevant time period, Chan had conversations with other Restaurant Employees who confirmed that they were paid below their agreed upon hourly rates and denied compensation for all hours worked.

105.    Like Chan, these employees were issued inaccurate pay slips that significantly reduced their hours worked.

106.    These employees also confirmed that Defendants failed to provide them with Notices of Pay Rate and accurate wage statements.

### iii.    FLSA/NYLL Retaliation

107.    In or around mid-June 2021, Chan complained to Defendants regarding their unlawful wage practices, including Defendants' failure to pay him for all hours worked and failure to pay him overtime wages.

108.    Almost immediately following Chan's protected complaint, Defendants reduced the frequency and length of his shifts.

109.    Whereas Chan worked six days per week prior to his protected activity, Defendants began scheduling him for only five shifts per week following his complaint.

110.    Moreover, Chan's shifts lasted 10 to 15 hours per day prior to his protected activity; however, after his complaint, he was only scheduled to work 8 to 13 hours per day.

111.    As a result, Chan went from working approximately 60 to 75 hours per week to working only about 40 to 60 hours per week.

### FLSA COLLECTIVE ACTION ALLEGATIONS

112.    Plaintiffs bring this action, in part, as a collective action under the FLSA and applicable regulations thereunder.

113.    Plaintiffs seek to maintain claims, pursuant to FLSA § 216(b), on behalf of

themselves and all other Restaurant Employees who have been employed by Defendants at any time during the full statute of limitations period (the "FLSA Collective").

114.   At all relevant times, Plaintiffs and the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and scheme, and were subject to Defendants' practices of failing to compensate Plaintiffs and the FLSA Collective at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

115.   Throughout the full statute of limitations period, Defendants have been fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the provisions of the FLSA.

116.   Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiffs and the FLSA Collective.

117.   As a result of Defendants' conduct, they are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid wages with interest, an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

118.   While the exact number of the FLSA Collective is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are approximately 50 other similarly situated persons who were employed by Defendants during the full statute of limitations period.

119.   Plaintiffs are currently unaware of the identities of the members of the FLSA Collective.

120.     Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants during the full statute of limitations period, along with their last known addresses, telephone numbers, and email addresses, so Plaintiffs can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

### CLASS ACTION ALLEGATIONS

121.     Plaintiffs bring this action, in part, as a class action under the NYLL and applicable regulations thereunder.

**A.     Class Definition**

122.     Plaintiffs seek to maintain claims, pursuant to FRCP 23, on behalf of themselves and a class of all other Restaurant Employees who have been employed by Defendants at any time during the full statute of limitations period (the "NYLL Class").

123.     Plaintiffs allege, on behalf of themselves and the NYLL Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to pay Plaintiffs and the NYLL Class all wages owed, including those owed in accordance with their agreed terms of employment; (ii) failing to pay Plaintiffs and the NYLL Class at or above the applicable State minimum wage rate for all hours worked; (iii) failing to compensate Plaintiffs and the NYLL Class at one and one-half times their regular rate of pay (or the applicable State minimum wage rate) for all hours worked in excess of 40 hours in a workweek; (iv) failing to compensate Plaintiffs and the NYLL Class "spread of hours" pay for shifts in excess of 10 hours in a day; (v) failing to provide Notices of Pay Rate; and (vi) failing to furnish accurate wage statements.

124.     Plaintiffs and the NYLL Class have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

125.     The wage practices described in this Complaint are part of Defendants' normal course of conduct.

126.     The claims brought pursuant to the NYLL may be pursued by all similarly situated persons who do not opt out of the NYLL Class, pursuant to FRCP 23.

**B.      Requirements of Rule 23(a)**

**i.       Numerosity and Impracticability of Joinder**

127.     The members of the NYLL Class are so numerous that joinder of all members is impracticable.

128.     While the exact number of the members of the NYLL Class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are approximately 100 members of the NYLL Class.

129.     Therefore, the numerosity requirement of FRCP 23(a) is satisfied.

**ii.      Common Questions of Law and Fact**

130.     Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the NYLL Class and predominate over any questions only affecting the members of the NYLL Class individually.

131.     Indeed, there are few, if any, purely individual issues in this action (apart from Chan's retaliation claims, which are pursued on an individual basis).

132.     The questions of law and fact that are common to Plaintiffs and the NYLL Class include, without limitation:

          (a)      Whether Defendants failed to pay Plaintiffs and the NYLL Class all wages owed to them;

          (b)      Whether Defendants failed to pay Plaintiffs and the NYLL Class at or above

16

the applicable State minimum wage;

(c)    Whether Defendants failed to pay Plaintiffs and the NYLL Class all overtime wages owed to them;

(d)    Whether Defendants failed to tender Plaintiffs and the NYLL spread of hours pay;

(e)    Whether Defendants failed to provide Plaintiffs and the NYLL Class with Notices of Pay Rate;

(f)    Whether Defendants failed to furnish accurate wage statements to Plaintiffs and the NYLL Class; and

(g)    Whether Plaintiffs and the NYLL Class are entitled to liquidated damages and injunctive relief.

133.    Therefore, the common question requirement of FRCP 23(a) is satisfied.

**iii.    Typicality of Claims and Relief Sought**

134.    Plaintiffs' claims are typical of the claims of the members of the NYLL Class they seek to represent.

135.    Plaintiffs and the NYLL Class work, or have worked, for Defendants and are, or were, subject to the same compensation policies and practices.

136.    The wage practices suffered by Plaintiffs, and the damages resulting therefrom, are sadly typical of Defendants' treatment of their Restaurant Employees generally, and of the NYLL Class specifically.

137.    Therefore, the typicality requirement of FRCP 23(a) is satisfied.

**iv.    Adequacy of Representation**

138.    Plaintiffs will fairly and adequately protect the interests of the NYLL Class because

17

their interests are coextensive and aligned with those of the members of the NYLL Class.

139.    Plaintiffs have no interests adverse to the NYLL Class they seek to represent and have retained competent and experienced counsel.

140.    Plaintiffs are willing and able to represent the NYLL Class as fairly and vigorously as they pursue their similar individual claims.

141.    Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation and who are able to meet the demands necessary to litigate a class action of this size and complexity.

142.    The combined interests, experience, and resources of Plaintiffs and their counsel to competently litigate the individual and NYLL Class claims at issue in the instant action satisfy the adequacy of representation requirement of FRCP 23(a).

**C.     Requirements of Rule 23(b)(1)**

143.    Without certification of the NYLL Class, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

144.    Accordingly, certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class, and Defendants.

145.    By filing this Complaint, Plaintiffs are preserving the rights of the NYLL Class with respect to the statute of limitations on their claims.

146.    Therefore, not certifying a class would substantially impair and/or impede the remaining members of the NYLL Class's ability to protect their interests.

**D.     Requirements of Rule 23(b)(2)**

147.    Defendants acted on grounds, described herein, generally applicable to Plaintiffs and the NYLL Class by denying Plaintiffs and the NYLL Class all wages owed, minimum and overtime wages, failing to pay spread of hours compensation, and failing to furnish Notices of Pay Rate and accurate wage statements.

148.    These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiffs and the NYLL Class as a whole.

149.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, all wages owed, minimum and overtime wages, spread of hours compensation, Notices of Pay Rate and accurate wage statements.

150.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies for such wage violations.

151.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**E.     Requirements of Rule 23(b)(3)**

152.    The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class—including, without limitation, the common issues identified in the paragraphs above—predominate over issues affecting only individual claims.

153.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.

154.    The cost of proving Defendants' pattern and practice of denying minimum,

overtime, and other wages makes it impractical for the members of the NYLL Class to pursue their claims individually.

155.   This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the NYLL Class (they must have worked for Defendants as Restaurant Employees during the statutory period), as well as the common questions of law and fact described herein.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME**
(*On Behalf of Plaintiffs and the FLSA Collective*)

156.   Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

157.   During the full statutory period, Plaintiffs and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

158.   The FLSA requires covered employers, including Defendants, to compensate Restaurant Employees at a rate not less than one and one-half times their regular rate of pay and at a rate not less than one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

159.   Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

160.   Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

161.    As a result of Defendants' failure to compensate Plaintiffs and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

162.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the FLSA Collective in accordance with the FLSA.

163.    Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGE**
**(*On Behalf of Plaintiffs and the NYLL Class*)**

164.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

165.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

166.    The NYLL requires covered employers, including Defendants, to compensate Restaurant Employees at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

167.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them minimum wages under the NYLL, and they are entitled to be paid minimum wages by Defendants for all hours worked under 40 hours in a workweek during the full statute of limitations period.

168.    Throughout the full statute of limitations period, Defendants have engaged in a

policy and practice of failing to compensate Plaintiffs and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

169.     As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

170.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

171.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME WAGES**
(*On Behalf of Plaintiffs and the NYLL Class*)

172.     Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

173.     During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

174.     The NYLL requires covered employers, including Defendants, to compensate Restaurant Employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

175.     Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by

Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

176.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the NYLL Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

177.    As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

178.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

179.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE**
***(On Behalf of Plaintiffs and the NYLL Class)***

180.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

181.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

182.    The NYLL requires covered employers, including Defendants, to provide Restaurant Employees, "at the time of hiring, a notice containing the following information:  the

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.  NYLL § 195(1)(a).

183.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

184.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiffs and the NYLL Class.

185.    As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

186.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiffs and the NYLL Class in accordance with the NYLL.

187.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: ACCURATE WAGE STATEMENTS
### (*On Behalf of Plaintiffs and the NYLL Class*)

188.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege

the foregoing allegations as if set forth fully herein.

189.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

190.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages;  name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."  NYLL § 195(3).

191.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants provide them with proper wage statements.

192.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiffs and the NYLL Class.

193.    As a result of Defendants' failure to furnish accurate wage statements to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

194.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiffs and the NYLL Class in accordance with the NYLL.

195.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: SPREAD OF HOURS PAY
### (*On Behalf of Plaintiffs and the NYLL Class*)

196.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

197.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder, including, without limitation, the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.1, *et seq.*

198.    The NYLL and/or applicable regulations thereunder require employers, including Defendants, to furnish each of their employees one additional hour of pay at the basic minimum wage rate on each day during which the length of the interval between the beginning and end of the employee's workday, or "spread of hours," exceeds 10 hours.

199.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants provide them with spread of hours pay.

200.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide spread of hours pay to Plaintiffs and the NYLL Class.

201.    As a result of Defendants' failure to furnish spread of hours pay to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, the NYLL and/or applicable regulations thereunder.

202.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY ALL WAGES OWED**
(*On Behalf of Plaintiffs and the NYLL Class*)

203.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

204.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

205.    The NYLL requires covered employers, including Defendants, to compensate Restaurant Employees at their established regular rates of pay for all hours worked under 40 in a workweek and one and one-half times their established regular rates of pay for all hours worked in excess of 40 in a workweek.

206.    Plaintiffs and the NYLL Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked under 40 in a workweek and one and one-half times their established regular rates of pay for all hours worked in excess of 40 in a workweek, during the full statute of limitations period.

207.    Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiffs and the NYLL Class at their established regular rates of pay for all hours worked under 40 in a workweek.

208.    Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiffs and the NYLL Class at their established regular rates of pay for all hours worked in excess of 40 in a workweek.

209.    As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at their established regular rates of pay (or one and one-half times their established regular rates) for

all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

210.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

211.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: RETALIATION**
***(On Behalf of Chan Individually)***

212.    Chan hereby repeats and realleges the foregoing allegations as if set forth fully herein.

213.    During the full statutory period, Chan was protected by the provisions of the FLSA, 29 U.S.C. §§ 201, *et seq*., as well as all applicable regulations thereunder.

214.    As set forth above, Chan complained to Defendants regarding Defendants' violations of the FLSA.

215.    Defendants retaliated against Chan for his protected activity by, *inter alia*, reducing his scheduled hours.

216.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Chan has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of damages.

217.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Chan has suffered, and continues to suffer, emotional distress for which he is entitled to an award of compensatory damages.

218.    Defendants' unlawful and retaliatory actions were intentional, done with malice,

and/or showed a deliberate, willful, wanton, and reckless indifference to Chan's rights under the FLSA, for which Chan is entitled to an award of punitive damages.

219.     Chan is further entitled to an award of liquidated damages, prejudgment interest, and attorneys' fees and costs.

### NINTH CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: RETALIATION
*(On Behalf of Chan Individually)*

220.     Chan hereby repeats and realleges the foregoing allegations as if set forth fully herein.

221.     During the full statutory period, Chan was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

222.     As set forth above, Chan complained to Defendants regarding Defendants' violations of the NYLL.

223.     Defendants retaliated against Chan for his protected activity by, *inter alia*, drastically reducing his scheduled hours.

224.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Chan has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of damages.

225.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Chan has suffered, and continues to suffer, emotional distress for which he is entitled to an award of compensatory damages.

226.     Defendants' unlawful and retaliatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Chan's rights under the NYLL, for which Chan is entitled to an award of punitive damages.

227.     Chan is further entitled to an award of liquidated damages, prejudgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, respectfully request that this Court:

A.      Declare that the practices complained of herein are unlawful under applicable federal and State law;

B.      Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.      Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

E.      Designate Plaintiffs as the representatives of the NYLL Class, and their counsel of record as class counsel;

F.      Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor

of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

       G.       Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

       H.       Award Plaintiffs, the FLSA Collective, and the NYLL Class an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

       I.       Award Plaintiffs, the FLSA Collective, and/or the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees;

       J.       Grant Plaintiffs, the FLSA Collective, and/or the NYLL Class such other and further relief that the Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

       Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, hereby demand a trial by jury on all issues of fact and damages.

Dated: September 9, 2021         **FARUQI & FARUQI, LLP**
      New York, New York

                             By:  */s/ Innessa M. Huot*
                               Innessa M. Huot
                               Alex J. Hartzband
                               Camilo M. Burr

                             685 Third Avenue, 26th Floor
                             New York, New York 10017
                             Tel: 212-983-9330
                             Fax: 212-983-9331
                             ihuot@faruqilaw.com
                             ahartzband@faruqilaw.com
                             cburr@faruqilaw.com

*Attorneys for Plaintiffs, the Proposed FLSA*
*Collective, and the Proposed NYLL Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL AGUILAR and ROLANDO TAYUN CHAN, on behalf of themselves and others similarly situated, | Civil Case No.: |
| Plaintiffs, | **CONSENT TO SUE** |
| v. | |
| KIMO MANAGEMENT GROUP CORP. d/b/a SUYO GASTROFUSION and NILSON DIAZ, in his individual and professional capacities, | |
| Defendants. | |

       I, Israel Aguilar, was employed by Defendants in the last three years and am a named Plaintiff in the above-captioned action, *Aguilar, et al. v. Kimo Management Group Corp. d/b/a Suyo Gastrofusion, et al.*, pending in the United States Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

       I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Ave., 26th Fl., New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): Israel Aguilar _____

Signature: _____

Date: 9/8/2021 | 11:07 PM EDT _____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL AGUILAR and ROLANDO TAYUN CHAN, on behalf of themselves and others similarly situated, | Civil Case No.: |
| Plaintiffs, | **CONSENT TO SUE** |
| v. | |
| KIMO MANAGEMENT GROUP CORP. d/b/a SUYO GASTROFUSION and NILSON DIAZ, in his individual and professional capacities, | |
| Defendants. | |

I, Rolando Tayun Chan, was employed by Defendants in the last three years and am a named Plaintiff in the above-captioned action, *Aguilar, et al. v. Kimo Management Group Corp. d/b/a Suyo Gastrofusion, et al.*, pending in the United States Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Ave., 26th Fl., New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): _Rolando Tayun Chan_____

Signature: _Rolando_____  Date: _9/8/2021 | 11:02 PM EDT_____