USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/12/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL AGUILAR, et al.

        Plaintiffs,

-against-

KIMO MANAGEMENT GROUP CORP., et al.,

        Defendants.

21-CV-07537 (PGG) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. PAUL G. GARDEPHE**

**BARBARA MOSES, United States Magistrate Judge.**

    Now before the Court is plaintiffs' letter-motion, dated August 15, 2022 (Dkt. No. 48), which requests that the Court remove the Consent to Join form filed on behalf of Lesly Sosa (Dkt. 43-1) from the docket and dismiss Ms. Sosa from this case due to her failure to respond to any of plaintiffs' counsel's attempts to communicate with her, including communications intended to "further understand the nature of her claims against Defendants and to request various documents supporting the same." Defendants have no objection. For the reasons that follow, Sosa's claims should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Background

    On September 9, 2021, plaintiffs Israel Aguilar and Rolando Tayun Chan filed a Collective and Class Action Complaint alleging violations of the Fair Labor Standards Act (FLSA) and New York Labor Law. (Dkt. 1.) On January 20, 2022, the Court granted plaintiffs' motion for conditional collective certification under the FLSA, 29 U.S.C. § 216(b) (Dkt. 30), after which plaintiffs disseminated Notice of Pendency and Consent to Join forms to potential collective members via email, text message, and first-class mail. (*See* Dkt. 35.) On May 17, 2022, plaintiffs filed a Consent to Join form for opt-in plaintiff Lesly Sosa, in which she agreed to "become a plaintiff in this action and to be bound by any judgment of the Court, or settlement reached by the named Plaintiffs and Defendants, concerning unpaid wages, liquidated damages, attorneys' fees,

costs, and other relief arising out of [her] employment with the Defendants," and appointing plaintiffs' counsel Faruqi & Faruqi as her attorneys. (Dkt. 43.)

On August 15, 2022, plaintiffs, acting through Faruqi & Faruqi, filed a letter-motion requesting that the Court "remove the Consent to Join form filed on behalf of Lesly Sosa . . . from the docket and withdraw Ms. Sosa from this case," based on counsel's representations that opt-in plaintiff Sosa failed to respond to repeated attempts by counsel to contact her to "obtain documents and information regarding her alleged employment with Defendants." (Dkt. 48.) According to counsel, they have not been in contact with Ms. Sosa since she signed her Consent to Join form on May 17, 2022. (*Id.*) Counsel further represented that defendants consented to the requested relief. (*Id.*) That same day, plaintiffs filed a Notice of Settlement stating that the parties have "reached an agreement on the basic terms of a settlement" and "are working diligently to finalize the remaining terms of the settlement." (Dkt. 49.)

By Order to Show Cause dated August 15, 2022 (Dkt. 51), I construed the letter-motion at Dkt. 48 as seeking the dismissal of Ms. Sosa's claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (voluntary dismissal) and/or 41(b) (dismissal for failure to prosecute), and ordered Ms. Sosa to show cause in writing, no later than September 19, 2022, why her claims should not be dismissed pursuant to Fed. R. Civ. P. 41(a)(2) or 41(b). I also ordered plaintiffs to promptly serve (i) the Order to Show Cause and (ii) their letter-motion dated August 15, 2022 on Ms. Sosa at her last known mailing address and her last known email address, and to file proof of such service on the docket. (*Id.*)

On August 23 and August 30, 2022, plaintiffs filed proofs of electronic service and service at Ms. Sosa's last known address. (Dkts. 53, 54.) Ms. Sosa never responded to the Order to Show Cause.

**Legal Standards**

The Federal Rules of Civil Procedure authorize district courts to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "[C]ourts in this Circuit have utilized Rule 41(b) where opt-in plaintiffs ceased to communicate with their counsel in addition to their noncompliance with a discovery order." *Roseman v. Bloomberg, L.P.*, 2017 WL 1287138, at *2 (S.D.N.Y Apr. 4, 2017); *see also Johnson v. Wave Comm GR LLC*, 2013 WL 992511, at *3 (N.D.N.Y. Jan. 29, 2013) ("The inaction of . . . unresponsive opt-in plaintiffs . . . implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that '[i]f the plaintiff fails to prosecute or the comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.'") (quoting Fed. R. Civ. P. 41(b)).

A dismissal under 41(b) may be either with or without prejudice. However, a dismissal with prejudice "is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Koehl v. Bernstein*, 740 F. 3d 860, 862 (2d Cir. 2014) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F. 3d 298, 302 (2d Cir. 2009) (per curiam)). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Baptiste*, 768 F.3d at 216; *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).

3

In this case, the criteria for dismissal have been met. Opt-in plaintiff Sosa has not participated in this action since she signed her Consent to Join form on May 17, 2022. In the intervening months, she failed to respond to plaintiffs' counsel's repeated attempts to contact her, plaintiffs' letter requesting her dismissal, or the Order to Show Cause. Ms. Sosa's failure to respond has prevented the parties from finalizing and executing a settlement of this action. It would prejudice Ms. Sosa's fellow plaintiffs, as well as defendants, to delay this action further. Moreover, given Ms. Sosa's failure to respond to the Order to Show Cause, there is no reason to believe that a lesser sanction would be effective in prompting participation from a litigant who has become unresponsive to her own counsel and appears uninterested in pursuing her claims. *See Martinez v. E&C Painting, Inc.*, 2008 WL 482869, at *5 (S.D.N.Y. Feb. 21, 2008) ("It appears that [the non-responsive] plaintiffs have decided for their own reasons to abandon the lawsuit. Issue-based preclusive sanctions are thus almost certain to be futile, since all that they will accomplish is to keep part of this part of the lawsuit going, with attendant expense to the defendants and no change in the eventual outcome.").

Accordingly, I recommend, respectfully, that defendants' letter-motion be GRANTED to the extent that Ms. Sosa's claims be DISMISSED WITHOUT PREJUDICE. Plaintiffs' counsel shall promptly serve a copy of this Report and Recommendation upon Ms. Sosa at her last known mail and email address and shall file proof of such service on the Court's electronic docket.

Dated: New York, New York
       January 12, 2023

_____
**BARBARA MOSES**
**United States Magistrate Judge**

## NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Paul G. Gardephe at 40 Foley Square, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Gardephe. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018) (summary order); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).