UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISRAEL AGUILAR, et al.,

                Plaintiffs,

- against -

KIMO MANAGEMENT GROUP CORP., et al.,

                Defendants.

**ORDER**

21 Civ. 7537 (PGG) (BCM)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs bring this class and collective action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law for failure to pay overtime, failure to pay minimum wage, failure to post required wage notices and provide accurate wage statements, spread-of-hours violations, failure to pay for all hours owed, and retaliation. Plaintiffs are employees of a restaurant Defendants own and operate in the Bronx. (Cmplt. (Dkt. No. 1)) This action is was referred to Magistrate Judge Barbara C. Moses for general pretrial supervision. (Dkt. No. 9)

        On January 20, 2022, this Court granted Plaintiffs' motion for conditional collective certification under the FLSA. (Dkt. No. 30) Plaintiffs subsequently disseminated notice of pendency and consent-to-join forms to potential collective members. (Mar. 30, 2022 Joint Ltr. (Dkt. No. 35))

        On May 17, 2022, Opt-In Plaintiff Lesly Sosa consented to join the lawsuit "and to be bound by any judgment of the Court, or settlement reached by the named Plaintiffs and Defendants." She "appoint[ed] Faruqi & Faruqi, LLP," plaintiffs' counsel of record, "as [her] attorneys . . . . [and] authorize[d] them to represent [her] in this action and to litigate this matter on [her] behalf." (Sosa Consent to Join (Dkt. No. 43-1))

On August 15, 2022, Plaintiffs filed a notice of settlement, stating that "[t]he parties [were] working diligently to finalize the remaining terms of the settlement pursuant to a formal settlement agreement." (Notice of Settlement (Dkt. No. 49))

That same day, Plaintiffs submitted a letter to Judge Moses "request[ing] [that she] remove the Consent to Join form filed on behalf of Lesly Sosa from the docket and withdraw Ms. Sosa from this case." (Dkt. No. 48) In their letter, Plaintiffs state:

> On May 17, 2022, Ms. Sosa signed a Consent to Join Form, which Plaintiffs' counsel filed the same day. Shortly thereafter, Plaintiffs' counsel attempted to contact Ms. Sosa to further understand the nature of her claims against Defendants and to request various documents supporting the same. Ms. Sosa did not respond. Since then, Plaintiffs' counsel has attempted to contact Ms. Sosa countless times via telephone, email, and text message in an effort to obtain documents and information regarding her alleged employment with Defendants. Ms. Sosa has repeatedly ignored these communications. Indeed, Plaintiffs' counsel has not spoken to Ms. Sosa at any time since she signed her Consent to Join form on May 17, 2022.
>
> Based on the foregoing, Plaintiffs' counsel respectfully requests that the Consent to Join form filed on behalf of Lesly Sosa (Dkt. Nos. 43 to 43-1) be removed from the docket and that Ms. Sosa be withdrawn from this action. Plaintiffs' counsel has conferred with defense counsel, who advised that Defendants have no objection to this request.

(Id.)

On August 19, 2022, Judge Moses issued an order directing Opt-In Plaintiff Sosa to "show cause in writing, no later than September 19, 2022, why her claims should not be dismissed pursuant to Fed. R. Civ. P. 41(a)(2) or 41(b)." The show-cause order states that "[i]f Ms. Sosa fails to respond by September 19, 2022, the Court may dismiss her claims." (Dkt. No. 51) Plaintiffs subsequently filed affidavits of service stating that they had served the show-cause order on Opt-In Plaintiff Sosa at her last-known physical address and email address. (Dkt. Nos. 53-54)

Opt-In Plaintiff Sosa did not respond to the August 19, 2022 order to show cause by September 19, 2022, or at any point afterward.

On January 12, 2023, Judge Moses issued a five-page Report and Recommendation ("R&R"), recommending that Sosa's claims "be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b)." (R&R (Dkt. No. 56)) In the R&R, Judge Moses states that "'[c]ourts in this Circuit have utilized Rule 41(b) where opt-in plaintiffs ceased to communicate with their counsel. . . .'" (Id. at 3 (quoting Roseman v. Bloomberg, L.P., 2017 WL 1287138, at *2 (S.D.N.Y Apr. 4, 2017))) The R&R notes that

> "[a] district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

(Id. (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)))

After considering these factors here, Judge Moses concludes that Sosa's claims should be dismissed without prejudice:

> In this case, the criteria for dismissal have been met. Opt-in plaintiff Sosa has not participated in this action since she signed her Consent to Join form on May 17, 2022. In the intervening months, she failed to respond to plaintiffs' counsel's repeated attempts to contact her, plaintiffs' letter requesting her dismissal, or the Order to Show Cause. Ms. Sosa's failure to respond has prevented the parties from finalizing and executing a settlement of this action. It would prejudice Ms. Sosa's fellow plaintiffs, as well as defendants, to delay this action further. Moreover, given Ms. Sosa's failure to respond to the Order to Show Cause, there is no reason to believe that a lesser sanction would be effective in prompting participation from a litigant who has become unresponsive to her own counsel and appears uninterested in pursuing her claims.

(Id. at 4 (citing Martinez v. E&C Painting, Inc., 2008 WL 482869, at *5 (S.D.N.Y. Feb. 21, 2008)))

On January 17 and 25, 2023 Plaintiffs filed proof of service of the R&R on Opt-In Plaintiff Sosa. (Dkt. Nos. 57-58)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In the R&R, Judge Moses advises the parties that they

> have 14 days from this date to file written objections to this Report and Recommendation . . . . Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Paul G. Gardephe at 40 Foley Square, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Gardephe. Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.

(R&R (Dkt No. 56) at 5 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985); Frydman v. Experian Info. Sols., Inc., 743 F. App'x, 486, 487 (2d Cir. 2018) (summary order); and Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)) (emphasis in original))

Neither Opt-In Plaintiff Sosa nor any other party has filed objections to Judge Moses's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

4

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 52) at 9) – judicial review has been waived.  See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object" (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation.  Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Moses's R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Moses's R&R (Dkt. No. 56) is adopted in its entirety, and Opt-In Plaintiff Sosa's claims are dismissed without prejudice under Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to terminate the motion (Dkt. No. 48).

Dated: New York, New York
      April 6, 2023                  SO ORDERED.

                                                  _____
                                                  Paul G. Gardephe
                                                  United States District Judge